United States Court of Appeals
For the Eighth Circuit

_____

No. 21-3079
_____

The Satanic Temple

*Plaintiff - Appellant*

v.

City of Belle Plaine, Minnesota; Councilman Cary Coop, as City Council Member of the City of Belle Plaine, MN; Councilwoman Theresa McDaniel, as City Council Member of the City of Belle Plaine, MN; Councilman Ben Stier, as City Council Member of the City of Belle Plaine, MN; Councilman Paul Chard, as City Council Member of the City of Belle Plaine, MN; Mayor Christopher Meyer, as Mayor of the City of Belle Plaine, MN

*Defendants - Appellees*

_____

No. 21-3081
_____

The Satanic Temple

*Plaintiff - Appellant*

v.

City of Belle Plaine, Minnesota

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Appellate Case: 21-3079     Page: 1     Date Filed: 08/30/2023 Entry ID: 5311445

Submitted: December 15, 2022
Filed: August 30, 2023
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

The City of Belle Plaine, Minnesota, designated Veterans Memorial Park as a limited public forum and granted permits to two groups to place monuments there. Before the Satanic Temple could place its monument, the City closed the Park as a limited public forum and terminated both permits.

The Satanic Temple sued the City. The district court[1] dismissed its claims, except for promissory estoppel, without prejudice. When the Satanic Temple moved to amend its complaint, a Magistrate Judge[2] denied its motion. So the Satanic Temple filed a second suit, reasserting the dismissed claims and adding new ones. The district court held that res judicata bars the second suit and granted summary judgment to the City on the promissory estoppel claim from the first suit. We affirm.

I.

After a resident placed a statue of a soldier kneeling before a cross in the Park without the City's permission, someone threatened to sue and the City removed the statue. The Belle Plaine City Council then passed an "Enacting Resolution," which designated the Park as a limited public forum and allowed people with a permit to place monuments.

---

[1]The Honorable Wilhelmina Wright, United States District Judge for the District of Minnesota.

[2]The Honorable Leo I. Brisbois, United States Magistrate Judge for the District of Minnesota.

In March 2017, the City gave two groups permits: the Belle Plaine Veterans Club and the Satanic Temple. The Veterans Club returned the kneeling soldier statue to the Park in April, but the Satanic Temple's display wasn't ready yet. While the Satanic Temple's display was being built, people objected to it being placed in the Park. In June, the Satanic Temple told the City that its display was ready. The City Council then passed a "Recission Resolution," closing the Park as a limited public forum, terminating both permits, and instructing the Veterans Club to remove its statue.

The Satanic Temple sued the City (*Satanic Temple I*). It alleged that the City had violated the U.S. Constitution, Minnesota Constitution, and Religious Land Use and Institutionalized Persons Act (RLUIPA) and that the City was liable under the doctrine of promissory estoppel. After both parties moved for judgment on the pleadings, the district court dismissed the constitutional and RLUIPA claims without prejudice but allowed the promissory estoppel claim to move forward. A Magistrate Judge denied the Satanic Temple's attempt to amend its complaint. So it sued again (*Satanic Temple II*), reasserting the constitutional claims dismissed from *Satanic Temple I* and bringing new claims under the U.S. and Minnesota Constitutions. The district court granted summary judgment to the City on the promissory estoppel claim from *Satanic Temple I* and dismissed the *Satanic Temple II* claims on res judicata grounds. The Satanic Temple appeals.

II.

We start with *Satanic Temple I*. The Satanic Temple appeals the dismissal of its free speech, free exercise, equal protection, and RLUIPA claims, and it appeals the grant of summary judgment to the City on its promissory estoppel claim. We review *de novo* orders granting judgment on the pleadings and summary judgment. *Levitt v. Merck & Co.*, 914 F.3d 1169, 1171 (8th Cir. 2019) (judgment on the pleadings); *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1082 (8th Cir. 2021) (summary judgment).

-3-

Appellate Case: 21-3079     Page: 3     Date Filed: 08/30/2023 Entry ID: 5311445

A.

The Satanic Temple first asserts that the City violated its free speech rights under the U.S. and Minnesota Constitutions. The parties agree that the Park was a limited public forum. In a limited public forum, the government limits "expressive activity to certain kinds of speakers or to the discussion of certain subjects." *Bowman v. White*, 444 F.3d 967, 976 (8th Cir. 2006) (citation omitted). Restrictions on speech in a limited public forum must be reasonable and viewpoint neutral. *Id.*

The Satanic Temple argues that it was viewpoint discrimination to close the Park after its display was ready. But "[n]othing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 799 (1985). And the Government is not required to keep limited public forums open. *See Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 46 (1983). The City closed the limited public forum to everyone, not just speakers with certain views. The Satanic Temple has not plausibly alleged that closing the Park as a limited public forum was unreasonable or viewpoint discriminatory.[3]

B.

The Satanic Temple also asserts that the City violated its free exercise rights. Although the Enacting and Recession Resolutions were facially neutral, facial neutrality is not a safe harbor if the City's actions targeted the Satanic Temple's religious conduct. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 534 (1993) ("The Free Exercise Clause . . . extends beyond facial

---

[3]The free speech protection in the Minnesota Constitution "is coextensive with the First Amendment," so Minnesota "look[s] primarily to federal law for guidance." *Tatro v. Univ. of Minn.*, 816 N.W.2d 509, 516 (Minn. 2012). Because the Satanic Temple's claim fails under the First Amendment, it fails under the Minnesota Constitution.

Appellate Case: 21-3079     Page: 4     Date Filed: 08/30/2023 Entry ID: 5311445

discrimination. . . . Official action that targets religious conduct for distinctive treatment cannot be shielded by mere compliance with the requirement of facial neutrality.").

The Satanic Temple fails to plausibly claim that its display was targeted. It argues that the Veterans Club had ten months of display time, while it had none. But the City did not approve the initial display of the kneeling soldier statue. After the City passed the Enacting Resolution, it granted permits at the same time to the Veterans Club and the Satanic Temple. And the Recission Resolution applied equally to the Satanic Temple's and the Veterans Club's displays. The Satanic Temple has not alleged any facts showing that its religious conduct was targeted for "distinctive treatment."[4] *See Church of the Lukumi Babalu Aye*, 508 U.S. at 534.

The Satanic Temple also fails to state a claim under Article I, § 16, of the Minnesota Constitution. To state a claim under § 16, the Satanic Temple must plausibly allege that "the state action burdens the exercise of religious beliefs." *See Odenthal v. Minn. Conf. of Seventh-Day Adventists*, 649 N.W.2d 426, 442 (Minn. 2002). And to establish a burden, the Satanic Temple must show that "the risk of interference with religious beliefs or practice is real and not 'remote.'" *Edina Cmty. Lutheran Church v. State*, 745 N.W.2d 194, 204 (Minn. Ct. App. 2008) (citation omitted). For a generally applicable law like the City's resolutions, "the focus is on whether compliance requires a change in 'religious conduct or philosophy.'" *Id*. (citation omitted). The Satanic Temple has not plausibly alleged that the City's resolutions burden its religious conduct or philosophy.

---

[4]The Satanic Temple argues that it does not need to show that its display was targeted because it is bringing a hybrid claim. In a hybrid claim, "'the Free Exercise Clause *in conjunction* with other constitutional protections, such as freedom of speech,' can 'bar[] application of a neutral, generally applicable law.'" *Telescope Media Grp. v. Lucero*, 936 F.3d 740, 759 (8th Cir. 2019) (quoting *Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 881 (1990)). But for its hybrid claim to succeed, the Satanic Temple must establish an independently viable free speech claim. *Redlich v. City of St. Louis*, 550 F. Supp. 3d 734, 763 (E.D. Mo. 2021), *aff'd*, 51 F.4th 283 (8th Cir. 2022). Because it has not done so, its hybrid claim fails.

C.

The Satanic Temple argues next that the City violated the Equal Protection Clause. To state an equal protection claim, the Satanic Temple must plausibly allege that it was singled out and treated differently than similarly situated entities for a prohibited purpose or motive, such as religious discrimination. *See Ellebracht v. Police Bd. of Metro. Police Dep't*, 137 F.3d 563, 566 (8th Cir. 1998). It can clear the pleading threshold for religious discrimination if the Rescission Resolution was discriminatory on its face or had a discriminatory purpose or impact. *Washington v. Davis*, 426 U.S. 229, 240–42 (1976).

The Satanic Temple has not plausibly alleged that it and the Veterans Club were similarly situated or that it was treated differently. Nor has it plausibly alleged that the Rescission Resolution was discriminatory on its face or had a discriminatory purpose or impact. The City gave a permit to both groups, had no control over the fact that the Veterans Club placed its statue first, and closed the Park as a limited public forum to everyone. So the Satanic Temple has not plausibly alleged an equal protection claim.

D.

The RLUIPA prohibits the Government from imposing a land use regulation that substantially burdens the exercise of religion. 42 U.S.C. § 2000cc(a). The Satanic Temple argues that the City's permitting regime was an express easement and that because the Recission Resolution terminated its permit, it infringed on its reasonable expectation to use the land. *See Andon, LLC v. City of Newport News*, 813 F.3d 510, 515 (4th Cir. 2016). But the Satanic Temple cites no precedent saying that a city-issued revocable park permit is an easement. And it didn't allege that the City acted pursuant to a land use regulation, like a zoning or landmarking law. Nor did it allege any facts supporting its assertion that the City substantially burdened its religious exercise. So the Satanic Temple has not stated a plausible RLUIPA claim.

-6-

E.

We turn to the order granting summary judgment to the City on the Satanic Temple's promissory estoppel claim. In Minnesota, promissory estoppel has three elements: (1) the promisor made a clear and definite promise, (2) the promisor intended to induce reliance and such reliance occurred, and (3) the promise must be enforced to prevent an injustice. *Martens v. Minn. Min. & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000).

The Satanic Temple argues that the permit to place its display in the Park is the clear and definite promise it relied on. The permit, it says, consists of only the "cover letter," which does not mention the City's ability to close the Park as a limited public forum. But the district court found that the permit includes both the cover letter and a copy of the permit application. And to complete the permit application, the Satanic Temple had to agree to comply with the "Limited Public Forum Policy"—a reference to the Enacting Resolution. The Enacting Resolution stated that the City could terminate the permits by giving ten days' notice and that within that time the permit holders had to remove their displays from the Park.

We agree that the permit includes both the cover letter and the permit application. The Satanic Temple's contrary interpretation would mean that none of the stipulations in the Enacting Resolution (about design, insurance, removal requirements, etc.) apply to the monuments. But the cover letter included "reminder[s]" about the permit requirements and enclosed the permit application.

Because the permit contemplated the City's ability to close the Park as a limited public forum at any time, the Satanic Temple could not detrimentally rely on any guarantee from the City that it could display its monument for the original duration of the permit. The City promised the Satanic Temple only an opportunity to display its monument. And the City delivered: It gave the Satanic Temple a permit, which gave the Satanic Temple an opportunity to put its display in the Park. The Satanic Temple knew that the City could rescind the permit, and the City did so.

-7-

III.

We turn to *Satanic Temple II* and review the district court's res judicata decision *de novo*. *St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.*, 457 F.3d 766, 770 (8th Cir. 2006).

The district court held that res judicata bars the Satanic Temple's constitutional claims from *Satanic Temple I*. Res judicata, or claim preclusion, "bars relitigation of the same claim between parties . . . where a final judgment has been rendered upon the merits by a court of competent jurisdiction." *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997) (citation omitted). Res judicata applies if "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties . . . ; and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (citation omitted).

In *Satanic Temple I*, the district court dismissed the Satanic Temple's claims without prejudice, and a Magistrate Judge later denied the Satanic Temple's motion to amend its complaint. The Satanic Temple concedes that both suits involve the same parties and are based on the same claims or causes of action. But it argues that its first suit did not result in a final judgment on the merits and that, even if it did, the Magistrate Judge did not have proper authority over it.

A.

Dismissing a claim without prejudice is not a judgment on the merits. *See Al-Saadoon v. Barr*, 973 F.3d 794, 801 (8th Cir. 2020). But denying a motion to amend is a final judgment on the merits for the purposes of claim preclusion:

> The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the [claims in the proposed amended] complaint in a later action. . . . This is so even when denial of leave to amend is based on reasons other than the merits, such as timeliness.

-8-

*Pro. Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) (per curiam) (citations omitted); s*ee also King v. Hoover Grp., Inc.*, 958 F.2d 219, 222–23 (8th Cir. 1992) ("It is well settled that the denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleadings.").

The Satanic Temple tries to distinguish *Professional Management Associates* and *King* on the ground that the barred claims in those cases were ruled on at summary judgment or dismissed with prejudice. But that doesn't matter. The preclusive effect comes from a litigant's obligation to "bring all claims at once against the same defendant relating to the same transaction or event." *N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) ("[T]he actual decision denying leave to amend is no more than a proxy to signify at what point claims have been forfeited due to a plaintiff's failure to pursue all claims against a particular defendant in one suit."). So the denial of leave to amend "constitutes res judicata on the merits of the claims" the Satanic Temple wanted to assert. *See King*, 958 F.2d at 222–23.

B.

The Satanic Temple argues that if the denial of its motion to amend was a final judgment on the merits, then the Magistrate Judge lacked the power to enter that order. Magistrate Judges cannot issue a binding decision on a dispositive motion without the parties' consent. 28 U.S.C. § 636(b)(1)(A); *N. Bottling Co. v. Pepsico, Inc.*, 5 F.4th 917, 924 (8th Cir. 2021). The Satanic Temple argues that because it did not consent, the Magistrate Judge lacked the power to enter the order denying it leave to amend its complaint—the "final judgment on the merits" for res judicata.

The Satanic Temple conflates a "binding decision on a dispositive motion" with a "final judgment on the merits." The Magistrate Judge's denial of the motion to amend did not dispose of any claims in *Satanic Temple I*. Rather, it prevented the

-9-

Satanic Temple from later reasserting the claims that the district court had already dismissed. *See Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (referring to a Magistrate Judge's denial of a motion to amend as an "order denying [a] nondispositive pretrial motion"); *cf. Hall v. Norfolk S. Ry. Co*., 469 F.3d 590, 595 (7th Cir. 2006) (treating as nondispositive a motion to amend that "did not terminate [the] existing lawsuit" but "merely prevented" the plaintiff from adding a party). So it was not a binding decision on a dispositive motion. Because the Magistrate Judge had the authority to decide the Satanic Temple's motion to amend its complaint, *see* § 636(b)(1)(A); *Daley*, 415 F.3d at 893 n.9, the Magistrate Judge properly entered the order here that constitutes the "final judgment on the merits" for res judicata.

IV.

For the reasons above, we affirm the district court.

_____